UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY COOPER, JR.,

       Plaintiff,                         CASE NO. 08-13510
                                            HON. LAWRENCE P. ZATKOFF

v.

I.C. SYSTEM, INC.,

       Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the   25th day of March, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for Plaintiff's Failure to Prosecute (Docket #9).  After *pro se* Plaintiff failed to file a timely response, the Court issued an Order to Show Cause directing Plaintiff to file a response explaining why Defendant's Motion should not be granted.  Plaintiff failed to comply with that Order, as he has not filed a response.  Finding that the determination of the Motion would not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), the Court hereby ORDERS that the Motion be decided upon the brief submitted by Defendant, without this Court entertaining oral arguments.  For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

### II. BACKGROUND

On July 29, 2008, Plaintiff filed his Affidavit and Claim (Complaint) in the 22nd District Court in Inkster, Michigan, seeking damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  On August 14, 2008, Defendant removed Plaintiff's Complaint to the U.S. District Court for the Eastern District of Michigan.  After Defendant filed its answer, a scheduling conference was set for November 6, 2008 at 9:30 a.m.  The Notice of Scheduling Conference stated: "COUNSEL RESPONSIBLE FOR THE CASE MUST ATTEND SCHEDULING CONFERENCE.  ...  Please Be Prepared to Discuss the Following At the Scheduling Conference:

    a.    Brief Summary of facts and defense.

    b.    Discovery progress – counsel are instructed to commence significant discovery prior to the conference.

    c.    Timing of expert disclosure and discovery."

Plaintiff failed to attend and/or participate in the November 6, 2008 Scheduling Conference.

On November 12, 2008, Defendant served Plaintiff with its First Request for Admissions, First Set of Interrogatories and First Set of Requests for Production of Documents.  Responses to all of the above discovery requests were due to Defendant on or before December 12, 2008.  When no responses had been received by December 19, 2008, Defendant sent a letter to Plaintiff demanding responses and warning him that the failure to provide responses would result in Defendant's request for sanctions (including monetary sanctions) and dismissal of this action.  On January 2, 2008, Defendant sent a second letter to Plaintiff demanding responses and again warning Plaintiff that the failure to provide responses would result in Defendant's request for sanctions (including monetary sanctions) and dismissal of this action.  As of today, there is no indication that Plaintiff has responded to any of the above discovery requests by Defendant.

On December 19, 2008, Defendant served Plaintiff with a Notice of Taking Deposition Duces Tecum of Plaintiff, scheduling Plaintiff's deposition for January 15, 2009 at 10:00 a.m. On January 15, 2009, Plaintiff failed to attend his scheduled deposition. Two weeks later, Defendant filed the instant Motion to Dismiss. As noted above, Plaintiff has not filed a response to the Motion to Dismiss, and Plaintiff also has not filed a response to the Court's Order to Show Cause why Defendant's motion should not be granted.

### III. ANALYSIS

A district court has the power to dismiss an action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Pursuant to Fed.R.Civ.P. 16(f)(1), the Court may dismiss a case "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." *See also* Fed.R.Civ.P. 37(b)(2) (allowing for dismissal for failure to cooperate in discovery). Defendant asserts that Plaintiff's failure to prosecute warrants dismissal of his claims. The Court agrees.

Plaintiff has failed to take any action to prosecute this case since filing his Complaint on July 29, 2008. Plaintiff has ignored multiple Court Orders and repeatedly refused to abide by the rules of discovery. More specifically, Plaintiff failed to attend and participate in the November 6, 2008

Scheduling Conference, as ordered by the Court in the Notice of Scheduling Conference and in violation of Fed.R.Civ.P. 16.  Plaintiff also has failed to file responses to Defendant's discovery requests and failed to appear for his noticed deposition on January 15, 2009.  Finally, Plaintiff did not file a timely response to the Court's February 25, 2009 Order to Show Cause (and still has not filed a response to the Order to Show Cause as of the date of this Opinion and Order).

Therefore, for the reasons stated above, the Court concludes that Plaintiff's cause of action shall be dismissed with prejudice.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 25, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290